UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMEEL RADFORD, | ) | CASE NO.: 1:22-CV-00268 |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | (Resolving Doc. 11) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Midland Credit Management, Inc.'s ("Midland") Partial Motion to Dismiss. Midland only seeks to dismiss Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim, arguing that it is time-barred. Doc. 11. Plaintiff Jameel Radford filed a Response in Opposition to the Motion to Dismiss. Doc. 16.

For the reasons stated below, Midland's Partial Motion to Dismiss is DENIED.

I. FACTS

The Complaint alleges the following relevant facts in support of Plaintiff's FDCPA claim against Midland: On January 13, 2020, Midland filed a lawsuit against Plaintiff in Cuyahoga County Common Pleas Court seeking to collect on a debt. Midland and Plaintiff then reached a settlement and Plaintiff paid the settlement in full on March 3, 2020. Shortly thereafter, Plaintiff discovered that Midland was still reporting on his credit report with a $300 past due balance. From April 2020 to December 2021, Plaintiff disputed the Midland account on his credit report, but the account continued to be reported with a past due balance.

Specifically, on July 20, 2021, Plaintiff obtained his credit reports from Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian

1

Information Solutions, Inc. ("Experian") and Midland was reporting that the account was open and past due. On August 17, 2021, Plaintiff disputed this with Equifax, Trans Union, and Experian and all responded that the balance was being updated from $298 to $299. On October 13, 2021, Plaintiff obtained his credit reports from Equifax, Trans Union, and Experian and discovered that Midland was still reporting the account with an open and past due balance. Plaintiff again disputed this with the credit reporting agencies with varying results. Plaintiff filed the subject Complaint with the FDCPA claim, among others, on February 17, 2022.

## II. LAW AND ANALYSIS

In reviewing a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, the Court "must construe the complaint in the light most favorable to the plaintiffs" and "accept all well-pled factual allegations as true". *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The FDCPA, under 15 U.S.C. § 1692k, states that an action must be filed "within one year from the date on which the violation occurs". Midland contends that Plaintiff's FDCPA claim is time-barred because he first discovered that the Midland account was erroneously reporting as open and past due in or around April 2020, well over one year prior to the subject Complaint being filed on February 7, 2022. Doc. 11. Midland argues that any alleged violations that occurred after this initial discovery were "continuing violations" stemming from the initial violation in April 2020 and are time-barred. Doc. 11.

Defendant cites to three Sixth Circuit cases to support its "continuing violation" argument. *Jodway v. Orlans, PC*, 759 Fed.Appx. 374 (6th Cir. 2018); *Smith v. Lerner, Sampson & Rothfuss*,

2

*L.P.A.*, 658 Fed.Appx. 268 (6th Cir. 2016); *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed.Appx. 249 (6th Cir. 2014). The Court finds that these cases do not apply to the instant matter as, accepting the facts in the Complaint as true, Plaintiff has alleged discrete FDCPA violations which occurred within the one year prior to the Complaint being filed.

This case is more analogous to the Sixth Circuit's decision in *Purnell v. Arrow Financial Services, LLC*. *Purnell v. Arrow Financial Services, LLC*, 303 Fed.Appx. 297 (6th Cir. 2006). The court stated:

> Plaintiff's contention is that the violation occurs with each representation, communication, or collection activity such that each would constitute a discrete violation of the FDCPA. It is not the taint of the original decision to report the debt, but the repeated reporting of the debt within the limitations period that is the basis for plaintiff's claim. To the extent that these violations are alleged to have occurred outside the limitations period, they are barred by the statute of limitations. But, to the extent that plaintiff can prove that such violations occurred within the limitations period, they are not time-barred.

*Id*. at 303. The Sixth Circuit in *Slorp* cited to *Purnell*, stating that a plaintiff "will be barred from seeking relief for the untimely violations, but that plaintiff may continue to seek relief for those violations that occurred within the limitations period." *Slorp*, 587 Fed.Appx. 249, 259. Further, the *Slorp* Court stated that "the violations that occur within the limitations window must be discrete violations; they cannot be the later effects of an earlier time-barred violation." *Id*.

Here, Plaintiff states that he obtained his credit reports on July 20, 2021 and October 13, 2021, and Midland was continuing to incorrectly report an open and past due balance on both dates, despite the fact that the account was settled and paid. Both dates were within one year of the Complaint being filed. Plaintiff also alleges that he disputed this incorrect information within one year of the Complaint and Midland verified the incorrect information with the credit reporting agencies. As found in *Purnell*, Midland's alleged repeated incorrect reporting of the account within

4

the one-year statute of limitations period constitutes discrete violations, and they are not time-barred. To the extent Plaintiff seeks to allege FDCPA violations that occurred outside of the one-year limitation period, those claims are time-barred.

    For the reasons stated above, Midland's Partial Motion to Dismiss is DENIED.

Date: November 22, 2022                                      */s/ John R. Adams*
                                                                                JOHN R. ADAMS
                                                                                UNITED STATES DISTRICT JUDGE